AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
October 24, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 4:23-MJ-02018-01 |
| Sohaib Abuayyash | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☒ Lack of significant community or family ties to this district

☒ Significant family or other ties outside the United States
☒ Lack of legal status in the United States
☒ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
The United States moved to detain the Defendant pursuant to 18 U.S.C. § 3142(f)(1) as posing a danger to the community or specific groups of people and pursuant to § 3142(f)(2) as posing a serious risk of flight or non-appearance.  The Court held a hearing on the issues of probable cause and detention.  Probable cause to support the charge in the Criminal Complaint was conceded by the Defendant at the hearing.  The Court stated on the record that probable cause had been established.

The Court then moved to the issue of detention.  Two witnesses testified at the hearing.  Exhibits 1 through 10 were admitted as sealed exhibits.  After considering the information in the Pretrial Services Report, the Exhibits, the testimony presented at the hearing, and the factors contained in 18 U.S.C. § 3142(g), the Court concludes that the United States has met its burden to prove by a preponderance of the evidence that the Defendant poses a serious risk of flight which cannot reasonably be addressed by conditions of release and by clear and convincing evidence that he poses a danger to the community and certain individuals that also cannot be addressed by conditions of release .  The Court bases this conclusion on the following findings and considerations:

(1) The charged offense involves possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5)(B).

(2) The weight of the evidence is the least important factor the Court considers when deciding the issue of detention.  However, the weight of the evidence is substantial.  The testimony at the hearing established that the Defendant admitted to possessing firearms and admitted that he entered the United States on a non-immigrant B2 Visa which expired in 2019.  The Defendant has filed an application for asylum and obtained work authorization, but the testimony at the hearing established that neither of those events provide him with authorization to be in the United States.  In addition, the evidence presented includes still photographs from videos of the Defendant possessing and firing multiple weapons.

(3) The history and characteristics of the Defendant.  The Defendant has no prior criminal history.   Sealed exhibits introduced at the hearing establish that Meta Platforms reported the Defendant's social media sites to the FBI based on concerning content.  At the time of his arrest the Defendant consented to a search of his phone which revealed radicalizing content and conversations with individuals outside the United States.  Exhibit 1 contained statements by the Defendant that expressed support or favor for radical groups and a statement which the Court finds, based on the evidence as a whole, to demonstrate that the Defendant poses a threat to particular individuals.  While some of the statements and content contained in the Exhibits may be "just talk" as argued by Defendant's counsel, the evidence presented documents more than "just talk."  The evidence as a whole demonstrates that the Defendant possessed and practiced shooting multiple firearms, including assault style rifles; that he has viewed specific and detailed content posted by radical organizations on the internet including lessons on how to construct bombs or explosive devices; and that Defendant has made statements to others that support the killing of individuals of particular religious faiths.  Finally, in his communications with another individual about martyrdom, the Defendant referenced an event in Houston for members of a particular religious group, which the Court finds, when considered with all the other evidence, meets the burden for clear and convincing evidence of a threat to particular individuals which cannot be addressed by conditions.  To be clear, the Court finds the evidence demonstrating Defendant's conversations about violence and martyrdom in support of a religious cause, the evidence that he consumed content about how to make explosives, the evidence that he purchased ammunition, and the evidence that he practiced shooting multiple weapons, including assault style rifles, to constitute

clear and convincing evidence that his release presents a danger to specific individuals that cannot be addressed by conditions of release.

The Defendant is 20 years old, does not have significant ties to the United States or this community, has no authorization to be in the U.S., has significant ties and family outside the United States, and has made statements that he wants to go to Gaza to fight.  He faces significant prison time if convicted on this charge and faces additional firearm charges.  He also faces deportation if convicted.  He owns no property in the United States.  Although the Defendant's uncle is willing to act as a co-surety, he testified that the Defendant would not be able to live with him if released and therefore the Court finds he is not an appropriate Third-Party Custodian.

(4) The seriousness of the danger posed to the community and specific individuals by the Defendant's release is grave and could include a violent attack on a group or individuals resulting in death.

Based on all of the evidence presented, the Court finds that the United States has met its burden to show by a clear and convincing evidence that the Defendant poses a danger to the community and particular individuals and by a preponderance of the evidence that the Defendant presents a serious risk of flight or nonappearance, neither of which can be reasonably mitigated by conditions of release.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Signed on October 24, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge